1 | **ZACHARIAH E. MOURA (SBN 279508)**
2 | zem@fischbachlaw.com
| **JOSEPH S. FISCHBACH (SBN 70830)**
3 | jsf2@fischbachlaw.com
| **Fischbach & Fischbach**
4 | **A Law Corporation**
| **8200 Wilshire Blvd. Suite 424**
5 | **Beverly Hills, California 90211**
| **Telephone: (310) 278-4015**
6 | **Facsimile: (310) 278-2894**
7 | **Attorneys for Plaintiff Tyan, Inc.**
| **dba Security Specialists**

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

**TYAN, INC., a California** ) **Case No.: 2:15-cv-05443**
**corporation doing business as** )
**SECURITY SPECIALISTS,** ) **COMPLAINT FOR:**
)
   **Plaintiff,** ) 1. **VIOLATION OF THE FEDERAL**
)  **COMPUTER FRAUD & ABUSE**
  **vs.** )  **ACT;**
) 2. **VIOLATION OF THE STORED**
**YOVAN GARCIA, an individual;** )  **COMMUNICATIONS ACT;**
**JAMES CASPARI, an individual;** ) 3. **VIOLATION OF THE**
**MHER UZUNYAN, individually** )  **CALIFORNIA COMPUTER**
**and doing business as PTS** )  **DATA ACCESS AND FRAUD**
**SECURITY SERVICES;** )  **ACT;**
**INNOVATIVE PROTECTION, a** ) 4. **VIOLATION OF THE**
**business operating as an unknown** )  **CALIFORNIA UNIFORM**
**entity; DTLA PATROL, a business** )  **TRADE SECRETS ACT; and**
**operating as an unknown entity;** ) 5. **CIVIL CONSPIRACY.**
**CASTOLI PATROL &** )
**INVESTIGATIONS, a California** )
**corporation; QUENTIN PRICE, an** ) **DEMAND FOR JURY TRIAL**
**individual; RICHARD BALINT,** )
**an individual; LORENZO** )
**SANCHEZ, an individual; LUIS** )
**RAMIREZ, an individual;** )
**MIGUEL MENDOZA, an** )
**individual; ZACHARY BONN, an** )
**individual; JOSEPH** )
**TANNENHILL, an individual;** )
**TYLER PEDIGO, an individual;** )
**FRANCISCO GONZALEZ, an** )
**individual; and JOSE** )

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

**HERNANDEZ, an individual; and** )
**DOES 1 through 20, inclusive,** )
                                     )
                    **Defendants.** )

Comes Now Plaintiff Tyan, Inc., doing business as Security Specialists ("Specialists"), and complains and alleges as follows:

### INTRODUCTION

1.     Specialists is a private security patrol company and services a variety of businesses, single family homes, apartments and homeowner association communities in need of security patrol, security response, and guard services. Specialists employed each of the individual Defendants as security patrol officers. Specialists is informed and believes and based thereupon alleges that defendants Yovan Garcia, Quentin Price, Richard Balint, and James Caspsari, during their employment and shortly after their employment terminated in 2014, in conjunction with each other and for the purpose of stealing Specialists' clients and goodwill, hacked into and without authorization, permission or consent of any kind, accessed Specialists' computer system and destroyed vital information necessary to continue ongoing customer relationships, misappropriated Specialists' confidential client information, and did other damage, all with the aim of using such information to attempt to steal Specialists' business and try to put Specialists out of business, all in violation of the Computer Fraud and Abuse Act (18 U.S.C.§ 1030). Defendants formed various entities, including but not limited to DTLA Patrol, Castoli Patrol & Investigations, and Innovative Protection, for the purpose of using their stolen information to unfairly compete. Specialists is further informed and believes that defendant PTS Security Services, formed in 2012 by former Specialists employee Mher Uzunyan, encouraged and

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

1   participated in the hacking, and used the information obtained to unfairly

2   compete as well.

3                                    **THE PARTIES**

4          2.      Specialists is and was at all times relevant hereto a corporation

5   organized and existing under the laws of the State of California, and at all

6   times mentioned herein was, qualified and licensed to do business in

7   California.

8          3.      Specialists is informed and believes and based thereupon alleges

9   that defendant YOVAN GARCIA is an individual residing and doing business

10  in the County of Los Angeles.

11         4.      Specialists is informed and believes and based thereupon alleges

12  that defendant JAMES CASPARI is an individual residing and doing business

13  in the County of Los Angeles.

14         5.      Specialists is informed and believes and based thereupon alleges

15  that defendant MHER UZUNYAN is an individual residing and doing

16  business in the County of Los Angeles.

17         6.      Specialists is informed and believes and based thereupon alleges

18  that defendant PTS SECURITY SERVICES is a business operating as an

19  unknown entity, licensed as a Private Patrol Operator, license number 17304,

20  doing business in the County of Los Angeles, owned and managed by

21  defendant Uzunyan.

22         7.      Specialists is informed and believes and based thereupon alleges

23  that defendant INNOVATIVE PROTECTION is a business operating as an

24  unknown entity, licensed as a Private Patrol Operator, license number 17915,

25  doing business in the County of Los Angeles, owned and managed by

26  defendants Garcia and Caspari.

27         8.      Specialists is informed and believes and based thereupon alleges

28  that defendant DTLA PATROL is a business operating as an unknown entity,

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

-3-

doing business in the County of Los Angeles, owned and managed by defendant Caspari.

9.      Specialists is informed and believes and based thereupon alleges that defendant CASTOLI PATROL & INVESTIGATIONS is a California corporation, licensed as a Private Patrol Operator, license number 17736, doing business in the County of Los Angeles, owned and managed by defendant Caspari.

10.     Specialists is informed and believes and based thereupon alleges that defendant QUENTIN PRICE is an individual residing and doing business in the County of Los Angeles.

11.     Specialists is informed and believes and based thereupon alleges that defendant RICHARD BALINT is an individual residing and doing business in the County of Los Angeles.

12.     Specialists is informed and believes and based thereupon alleges that defendant LORENZO SANCHEZ is an individual residing and doing business in the County of Los Angeles.

13.     Specialists is informed and believes and based thereupon alleges that defendant LUIS RAMIREZ is an individual residing and doing business in the County of Los Angeles.

14.     Specialists is informed and believes and based thereupon alleges that defendant MIGUEL MENDOZA is an individual residing and doing business in the County of Los Angeles.

15.     Specialists is informed and believes and based thereupon alleges that defendant ZACHARY BONN is an individual residing and doing business in the County of Los Angeles.

16.     Specialists is informed and believes and based thereupon alleges that defendant JOSEPH TANNENHILL is an individual residing and doing business in the County of Los Angeles.

COMPLAINT

17.     Specialists is informed and believes and based thereupon alleges that defendant TYLER PEDIGO is an individual residing and doing business in the County of Los Angeles.

18.     Specialists is informed and believes and based thereupon alleges that defendant FRANCISCO GONZALEZ is an individual residing and doing business in the County of Los Angeles.

19.     Specialists is informed and believes and based thereupon alleges that defendant JOSE HERNANDEZ is an individual residing and doing business in the County of Los Angeles.

20.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1–20, and based thereon Plaintiff sues said defendants by such fictitious designations. Plaintiff will seek leave of court to amend this Complaint to insert their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by such defendants.

21.     Plaintiff is informed and believes and based thereupon alleges that at all times material herein, each Defendant was the agent, servant and employee of the other Defendants and in doing the things hereinafter alleged, were acting within the course, scope and purpose of said agency, service and/or employment, with the knowledge, consent and/or ratification of the remaining Defendants and the managing agents thereof.

## JURISDICTION AND VENUE

22.     Specialists' first and second causes of action arise under the Computer Fraud & Abuse Act, 18 U.S.C. § 1030, *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701, *et seq.* Accordingly, this Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1030(g) and

28 U.S.C. § 1331. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367 because those claims are so related to Specialists' federal claim that they form part of the same case or controversy and derive from a common nucleus of operative facts.

23.     This Court has personal jurisdiction over each of the Defendants because they reside and conduct business within this District and maintain substantial, systematic and continuous contacts with this District, and because Defendants' acts and omissions alleged herein occurred within this District.

24.     Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this dispute occurred within this District, a substantial part of the property that is the subject of this action is situated in this District, and the Court has personal jurisdiction over each of the parties as alleged herein.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

25.     Each individual defendant was hired by Specialists pursuant to a written employment application and as a condition of employment executed a confidentiality agreement.[1] Specialists is informed and believes and based thereupon alleges that defendants Garcia and Caspari formed Innovative Protection, a business of unknown entity form, for the purposes of unfairly competing against Specialists through the use of Specialists' trade secrets, custom forms, software templates, database, and other proprietary business and customer information. Specialists is informed and believes and based thereupon alleges that defendant Caspsari also formed Castoli Patrol & Investigations, a California corporation, for the very same purposes.

26.     Specialists had invested many years and thousands of hours into formulating its security-patrol-specific software application, and was the

---

[1]     "Defendants" shall refer to all Defendants collectively unless otherwise indicated.

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

exclusive company using such forms. The software forms constitute trade secrets and were valuable assets in that they facilitated nearly instantaneous reporting to customers and were very popular with customers. These forms and templates helped Specialists to differentiate itself from its competitors, as other security companies did not have access to these proprietary forms.

27. Specialists is informed and believes and based thereupon alleges that the defendants obtained employment under false and fraudulent pretense, and executed Confidentiality Agreements, solely and only for the purpose of executing their plan to unfairly and unlawfully disrupt Specialists' business, and to raid as many of Specialists' employees and key customers as possible. Within a short period of time, after the termination of the employment of defendants Caspari, Balint, and Garcia, Specialists is informed and believes that the following defendant employees also joined one or more of the Defendant companies PTS Security Services, Innovative Protection, and DTLA Patrol after serving as spies therefor: Bonn, Tannenhill, Pedigo, Gonzalez, Hernandez and Price. Indeed, Plaintiff is informed and believes and based thereupon alleges that for a period of time, defendant DTLA Patrol and Caspari employed defendant Miguel Mendoza while he was also an employee of Plaintiff, specifically so that he would act as a mole and informant to pass confidential information along to DTLA Patrol and Caspari.

28. Specialists is further informed and believes and based thereupon alleges that defendant Balint may have been a mole for PTS Patrol, as may have Bonn, Tannenhill, Pedigo, Gonzalez, Hernandez and Price.

### The Development of Specialists' Database and Templates

29. Over the course of 15 years, Specialists' principal and Director of Operations, Nick Tsotsikyan, spent well over 5,000 hours developing custom databases tailored to Specialists' patrol operation. The database includes client records for billing, client instructions and procedures, employee schedules,

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

employee records, field reporting databases, custom forms that patrol officers generate on a laptop computer from the field which are in turn provided almost instantaneously to clients via email in a pdf format.

30.    The databases were completely unique, started from scratch on a FileMaker platform.  The end user scheme was custom, the print versions were custom and the back-end administrative templates was custom. Tsotsikyan and Specialists invested both time and money in Information Technology services so that the end user could use the program out in the field in real time. This included the cost and maintenance of a terminal server, laptop computers, and remote internet connections all as part of the system.

31.    Over the years, this software allowed Specialists to gain an edge over competitors. In the security patrol industry, there was no pre-existing software package offering all the files that Specialists created which could simply be purchased from a store. Indeed, Specialists was often contacted by security companies from across the country soliciting Specialists software and seeking to have it developed for or sold to them. Because of its unique value, Specialists never sold the custom software package to anyone.

### The Defendants Stole Specialists' Database and Templates and Misappropriated Specialists' Confidential Customer Information

32.    Because of the proprietary nature of Specialists' software, full editing privileges were granted on a limited basis to supervisors and most of the defendants were not supervisors.

33.    Specialists is aware that defendant Garcia, who was not a supervisor, had on multiple occasions in 2014 made unauthorized access into the computer system using a supervisor password, and is informed and believes that other defendants were accessing the system without authorization.

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

34.     Specialists is further informed and believes and based thereupon alleges that on or about October 14, 2014, the individual defendants, including but not limited to Garcia, Balint, Caspari, and Price, accessed Specialists' computers through an internet connection, by the use of an administrator password that was stolen from Tsotsikyan's desktop computer. At that time, the defendants and their accomplices misappropriated the proprietary confidential information in the databases, including but not limited to client records for billing, client instructions and procedures, employee schedules, employee records, field reporting databases, and custom forms.

### Defendants' Other Misconduct and Sabotage

35.     Not only did defendants Garcia, Balint, Caspari, and Price misappropriate the information in the databases, but they also caused the deletion of the following from Specialists' computers:

35.1.   The user account of Specialists' Director of Operations, Nick Tsotsikyan, including his documents and all of his emails.

35.2.   All of Specialists' accounting software and files for billing, payroll, and accounting, including backups.

35.3.   Client contacts, billing information and account instructions

35.4.   External backup files. Where backup files were held on external drives, those drives were not only deleted but were even reformatted to prevent recovery of deleted files.

35.5.   All server files were deleted and drives reformatted to prevent recovery of deleted files.

36.     The domain name for Specialists' website was maliciously hijacked and moved to a hosting company located in France. The hackers transformed the website to indicate that Specialists had been hacked. They added postings from disgruntled ex-employees and posted malicious statements and photos about Specialists and its supervisors. With control of

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

their domain restricted, Specialists had no access to company email accounts either and could only communicate with clients via telephone. Specialists spent many hours and incurred thousands of dollars in expenses to regain control of their internet domain and website.

### FIRST CLAIM FOR RELIEF FOR

### VIOLATION OF THE COMPUTER FRAUD ABUSE ACT, 18 U.S.C. § 1030, ET SEQ. (AGAINST ALL DEFENDANTS)

37.    Plaintiff repeats, repleads and realleges each and every allegation contained in paragraphs 1–36 above as though set forth fully at length hereat.

38.    Defendants have violated the Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing one or more of Specialists' computers used for interstate commerce or communication without authorization, or by exceeding authorized access to such computers, and by obtaining and using confidential information from such protected computers.

39.    Specifically, in and throughout 2014, defendant Garcia exceeded the scope of his authorized access to one or more of Specialists computers on which Specialists' proprietary and confidential database information reside by accessing and providing via computer a copy of Specialists' proprietary templates without authorization to third parties, including but not limited to Caspari and Luis Ramirez.

40.    Specialists is further informed and believes and based thereupon alleges that on or about October 14, 2014, the individual defendants no longer employed with Specialists, including but not limited to Garcia, Balint, Caspari, and Price, wrongfully accessed both confidential and non-confidential business information from Specialists' computers, through an internet connection. These actions were unauthorized, and all done with the intent to use such information in that wrongful manner when the computer

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

1   was accessed, with the intent to wrongfully enrich themselves and damage

2   Specialists.

3       41.   Defendants have violated the Computer Fraud and Abuse Act, 18

4   U.S.C. § 1030(a)(4) by knowingly accessing and using one or more of

5   Specialists' protected computers and their content (especially Specialists'

6   custom forms, templates, and database) without authorization and/or by

7   exceeding authorized access to such computers, and by means of such

8   conduct furthered the intended fraud and obtained one or more things of

9   value, including Specialists' custom forms, templates, database and other

10  proprietary business information (including without limitation confidential

11  customer information, accounting, and payment platforms).

12      42.   Defendants and each of them have violated the Computer Fraud

13  and Abuse Act, 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the

14  transmission and use of confidential Specialists' custom forms, templates,

15  database and other proprietary business information (including without

16  limitation confidential customer information, accounting, and payment

17  platforms) without authorization, thereby causing damages to one or more

18  protected computers and their content owned by Specialists, and causing

19  damage to Specialists in the form of lost business, sales, and customers and

20  the diminution in value of Specialists' protected computers and their content.

21      43.   All of Specialists' computers and computer systems to which

22  Defendants and each of them had no authorized access or to which exceeded

23  their authorized access as alleged herein constitute "protected computers"

24  used in interstate commerce within the meaning of 18 U.S.C. § 1030(e)(2)

25  because all of Specialists' computers transact interstate commerce.

26      44.   Specialists has suffered damage and loss by reason of these

27  violations, including without limitation lost business, sales and customers,

28  diminution in value of Specialists' custom forms, templates, database and

other proprietary business information, and other loss and damages in an amount to be determined at trial but in excess of the jurisdictional requirement of this Court. "Loss" is broadly defined under the CFAA as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred." 18 U.S.C. § 1030(e)(11). As a result of Defendants' theft and violations of CFAA, Specialists has suffered lost revenues, sales and business opportunities in the form of lost sales to actual and prospective Specialists customers that could and would have been made in part if not in whole by Specialists had not Defendants stolen and used via computer Specialists' custom forms, templates, database and other proprietary business information. Specialists has been damaged by Defendants' violations in the form of lost revenues and sales generated by Defendants through unauthorized use of Specialists' custom forms, templates, database and other proprietary business information in an amount to be determined at trial but vastly in excess of the $5,000 minimum required by 18 U.S.C. §1030(a)(5)(B)(i).

45.     The individual defendants', including but not limited to Garcia, Balint, Caspari, and Price, unlawful access to and theft from Specialists' computers and their content also have caused Specialists irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts. Specialists' remedy at law is not adequate to compensate Specialists for these actual and ongoing injuries, thereby entitling Specialists to injunctive relief as provided by 18 U.S.C. § 1030(g).

46.     By virtue of the foregoing wrongful conduct, Plaintiff is entitled to equitable relief and injunctive relief and hereby requests an Order of

Disgorgement and Restitution of all sums received by Defendants, and each of them, for such wrongful conduct in accordance with 18 U.S.C. §1030(g).

### SECOND CLAIM FOR RELIEF VIOLATION OF
### STORED COMMUNICATIONS ACT, 18 U.S.C. § 2701, ET SEQ.
### (AGAINST ALL DEFENDANTS)

47.     Specialists repeats and realleges the allegations contained in paragraphs 1–36, and 38–40, of the complaint as though set forth fully herein.

48.     One or more of the individual defendants, including but not limited to Garcia, Balint, Caspari, and Price, intentionally, knowingly, and with the conscious objective of doing harm to Specialists, accessed Specialists' computer facilities through which Specialists' electronic communications service is provided, specifically one or more of Defendants' email accounts at Specialists, and deleted all or substantially all of the emails sent to or from Specialists without authorization. Specialists retained computer technicians at considerable expense in an effort to retrieve and restore Specialists' emails. Despite Specialists' efforts and due diligence, however, Specialists has been unable to recover the deleted emails. No defendants was authorized to destroy or delete any emails. Each defendant obtained, altered, deleted and/or destroyed Specialists emails while they were electronically stored within Specialists' electronic communications system.

49.     As a direct and proximate result of each defendant's unauthorized deletion and destruction of emails, Specialists' relationship and business with many of its customers, suppliers and vendors has been significantly if not irreparably damaged or lost, and Specialists suffered reputational harm, lost business and sales to customers in an amount to be proven at trial but in excess of the jurisdictional requirement of this Court.

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

### THIRD CLAIM FOR RELIEF FOR VIOLATION OF

### CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT, CAL. PENAL CODE § 502

### (AGAINST ALL DEFENDANTS)

50.    Specialists repeats and realleges the allegations contained in paragraphs 1–32, and 38–40, of the Complaint as though set forth fully herein.

51.    Defendants, and each of them, have violated California Penal Code § 502 by knowingly and fraudulently, and without permission, accessing, taking, copying and making use of Specialists source code, programs, data and information from Specialists' computers and/or computer systems.

52.    Defendants, and each of them, have violated California Penal Code § 502(c)(3) by knowingly, fraudulently, and without permission accessing and using Specialists' computer services, and exceeding the scope of any authorized access to Specialists computers by copying Specialists' proprietary software templates and database and using them as the template for Defendants' database without authorization.

53.    Defendants, and each of them, have violated California Penal Code § 502(c)(6) by knowingly, fraudulently, and without permission providing, or assisting in providing a means of accessing Plaintiff's computers and/or computer systems and network, and exceeding the scope of any authorized access to Specialists computers by copying Specialists' proprietary software templates and database and using them as the template for Defendants' database without authorization.

54.    Defendants, and each of them, have violated California Penal Code § 502(c)(7) by knowingly, fraudulently, and without permission accessing, or causing to be accessed, Specialists' computers, computer systems and/or computer networks, and exceeding the scope of any authorized access to Specialists' computers by copying Specialists' proprietary software

templates and database and using them as the template for Defendants' database without authorization.

55.     Specialists owns the custom forms, templates, database and other proprietary business and customer information that Defendants improperly used, copied and/or caused to be copied as alleged herein.

56.      As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code section 502, Defendants, and each of them, have caused damage to Specialists in an amount to be proven at trial but in excess of the jurisdictional requirement of this Court. Specialists is also entitled to recover its reasonable attorneys' fees and costs pursuant to California Penal Code § 502(e).

57.     Specialists is informed and believes that Defendants' acts alleged herein were willful and malicious and done with deliberate intent to injure Specialists' business and to improve Defendants' business at the cost of Specialists, thereby entitling Specialists to punitive damages.

58.     Specialists has also suffered irreparable harm as a result of Defendants' misconduct as alleged herein for which Specialists does not have an adequate remedy at law, thereby entitling Specialists to injunctive relief.

**FOURTH CLAIM FOR RELIEF FOR**

**VIOLATION OF UNIFORM TRADE SECRETS ACT**

**(AGAINST ALL DEFENDANTS)**

59.     Specialists repeats, re-pleads and re-alleges each and every allegation contained in paragraphs 1–32, and 38–40, above as though set forth fully at length herein.

60.     In or about July 2014, while still employed with Specialists, defendant Garcia was caught embezzling from Specialists. When confronted about the embezzlement and having made unauthorized access to the Specialists' servers using a supervisor password, he admitted to the misdeeds

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

-15-

and informed Tsotsikyan and other supervisors that PTS Patrol and certain employees and ex-employees were plotting to "hurt" Specialists. In support of the allegation, he indicated that defendant Balint, who had quit Specialists and gone to work for PTS Patrol just one month prior, had asked him to see if he could repair a laptop computer that belonged to PTS Patrol. According to Garcia, the laptop had a file on it that was a Specialists' file which included client names and addresses. A copy of the file was provided to Specialists.

61.    At the time of the October 14, 2014 hacking of the Specialists' computers, specialists' received a phone call from defendant Balint asking how "everything was going" at Specialists. Then on the afternoon of October 17, 2014, Balint called Specialists and asked "how is your system, I heard it was down?" After being told that everything was fine, Balint replied "someone hacked it." When asked by the employee who answered the phone how he heard that the computers had been hacked, Balint claimed he heard from "a little birdie." Similar calls asking about the state of Specialists' system were received from defendant Garcia on October 15 and 16, 2014.

62.    Plaintiff is informed and believed that defendant Uzunyan contacted an existing client of Specialists in October 2014, shortly after the hacking and before it was publicly disclosed, and told the client that Specialists' servers had been hacked and that they had "no more files."

63.    In November 2014, defendant Caspari contacted an employee of Specialists and bragged about opening a new company and showed off the software he was using, which was an identical copy of Specialists' software. Caspari claimed that he received the software from defendant Garcia.

64.    In April 2015, Caspari solicited an existing client of Specialists, claiming to have a "very unique database system," and enclosed a sample patrol report. The patrol report was identical to the custom form templates created by Specialists, with the only exception being transposition of the name

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

Fischbach & Fischbach, A Law Corporation
8200 Wilshire Blvd. Suite 424
Beverly Hills, California 90211

of the company from Specialists to Downtown Los Angeles (DTLA) Patrol, and Specialists is informed and believes and based thereon alleges that this was created using software stolen from Specialists during the October 2014 hacking.

65.     Specialists is informed and believes that defendants PTS Patrol, Innovative Protection, Castoli Patrol & Investigations, and DTLA Patrol are using Plaintiff's confidential client information, including but not limited to names, contact information, and accounting information, to unfairly solicit existing clients of Specialists.

66.     Specialists' custom computer software, databases, and forms constituted a trade secret utilizing proprietary information. The software was developed and used exclusively by Specialists, subject to considerable efforts to maintain its secrecy and confidentiality, and greatly assisted Specialists in having a competitive edge in the marketplace. Such a software program is worth hundreds of thousands of dollars.

67.     Specialists' further alleges that its customer list was maintained as a trade secret, and that steps were taken to ensure the confidentiality of that information, including but not limited to requiring a supervisor password in order to access the customer list files, and identifying the relationship with customers as confidential in employment confidentiality agreements.

68.     As a proximate result of the wrongful conduct alleged, Plaintiff has lost many customer accounts, has had to completely reconstruct its computer systems and programs and install additional security, and thus has been damaged in a sum presently unascertained but believed to be in excess of $150,000, and Plaintiff will seek leave of court to insert the exact amount when the same has been ascertained.

69.     Plaintiff alleges that by virtue of Defendants', and each of their, illegal hacking and wrongful competition, Specialists is entitled pursuant to

-17-

Civil Code section 3426.3 to damages for the actual loss caused by misappropriation; damages for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss, and/or if neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited; and exemplary damages of twice any monetary award, based upon the willful and malicious misappropriation.

70.     Specialists is also entitled to a mandatory injunction and hereby seeks such mandatory injunction compelling the return of all of Specialists' trade secrets and proprietary information, including but not limited to all software programs and any and all copies thereof, together with appropriate equitable orders of disgorgement, restitution and status as a constructive trustee.

### FIFTH CLAIM FOR RELIEF FOR CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

71.     Specialists repeats and realleges the allegations contained in paragraphs 1–70 of the Complaint as though set forth fully herein.

72.     Defendants willfully, intentionally, and knowingly agreed and conspired with each other to engage in the wrongful conduct alleged herein, including without limitation using Specialists' custom forms, templates, database and other proprietary business information, and interfering with Specialists' actual and prospective customer relationships.

73.     Defendants performed the acts alleged pursuant to, and in furtherance of, that agreement and/or furthered the conspiracy by cooperating, encouraging, ratifying and/or adopting the acts of others.

74.     As a direct and proximate result of the acts committed in furtherance of the conspiracy, Specialists has suffered injury, damages, loss

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211

and harm, including without limitation lost business and revenues, lost sales to actual and potential Specialists customers. Defendants' wrongful acts committed in furtherance of the conspiracy alleged herein were a substantial factor in causing the harm to Specialists.

75.    Defendants' intentional agreement to commit, and commission of, these wrongful acts was willful, malicious and in conscious disregard of Specialists' rights, thereby entitling Specialists to an award of punitive damages.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

1.    For general damages according to proof;

2.    For punitive and exemplary damages according to proof;

3.    For an Order granting a mandatory injunction against all Defendants preventing unfair competition, and compelling an accounting and a disgorgement of all profits made;

4.    For an order of restitution;

5.    For reasonable attorney's fees due to the willful and malicious misappropriation, pursuant to Civil Code section 3426.4 and the Stored Communications Act in an amount according to proof;

6.    For interest on all sums awarded pre-judgment and post-judgment at the legal rate;

7.    For such other and further relief as to this Court may seem proper and just.

**DATED: July 17, 2015**              **FISCHBACH & FISCHBACH**
                                      **A LAW CORPORATION**

                                      **By:** _/s/Zachariah E. Moura_
                                          **ZACHARIAH E. MOURA**
                                          **Attorneys for Plaintiff Tyan, Inc.,**
                                          **dba Security Specialists**


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on each of its claims for relief that are triable before a jury.

**DATED: July 17, 2015**              **FISCHBACH & FISCHBACH**
                                      **A LAW CORPORATION**

                                      **By:** _/s/Zachariah E. Moura_
                                          **ZACHARIAH E. MOURA**
                                          **Attorneys for Plaintiff Tyan, Inc.,**
                                          **dba Security Specialists**

FISCHBACH & FISCHBACH, A LAW CORPORATION
8200 WILSHIRE BLVD. SUITE 424
BEVERLY HILLS, CALIFORNIA 90211